# EXHIBIT 1

Filing # 176121224 E-Filed 06/26/2023 01:20:46 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:

PARTNERSHIPS UNITED, LLC, a
Florida Limited Liability Company;

        Plaintiff,

vs.

HEARD GLOBAL EVENTS, LLC,
d/b/a HEARD GLOBAL, a foreign
Limited Liability Company;

        Defendant.

_____/

## COMPLAINT

Plaintiff, PARTNERSHIPS UNITED, LLC ("Partnerships United"), brings this action against Defendant, HEARD GLOBAL EVENTS, LLC ("Defendant"), and alleges:

### THE PARTIES, JURISDICTION & VENUE

1.    This is an action for breach of contract, or in the alternative unjust enrichment, and for an accounting.

2.    Partnerships United is a Florida limited liability company organized under the laws of the State of Florida with its principal place in Broward County, Florida.

3.    Defendant is a Virginia limited liability company, with its principal place of business in North Carolina.

4.    Partnerships United was a paid consultant of the Defendant who entered into an agreement with the Defendant for services to be rendered by Partnerships United in Broward County.

5.     Venue is appropriate in Broward County because the agreement at issue was entered into in Broward, the material events described in the Complaint occurred in Broward, payments due to Partnerships United were made and due to be made in Broward County, and the breach of the agreement occurred in Broward County.

6.     All conditions precedent to the commencement of this action have occurred, been performed, excused, satisfied, or waived.

**GENERAL ALLEGATIONS**

7.     Partnerships United is in the business of assisting brands by driving innovative and goal-oriented partnerships in the sports and entertainment industry.

8.     Defendant is an event services company that, amongst other things, provides its clients with AV Technology, event management, and assistance with design and decor.

9.     In early 2021, Partnerships United, though its principal, Stephen Corsaro, connected with the Defendant to discuss how Partnerships United could assist the Defendant with the expansion of its business through the cultivation of new client relationships with sporting and other venues.

10.    Specifically, Partnerships United offered to secure agreements with sporting and other venues whereby the Defendant would be the recommended vendor to provide services for outside events. For example, if a soccer stadium hosted a corporate event and the organizers needed AV services and other equipment for the event, the venue would recommend to the company hosting the event that they use the Defendant. In consideration for being the venue's recommended vendor, the Defendant would pay a sponsorship fee to the venue. These engagements are often lucrative in that they generate significant revenue for the preferred vendor.

11.     Realizing this was a terrific opportunity for substantial growth, additional revenue, and increased profitability, the Defendant hired Partnerships United as a consultant.

12.     The consulting arrangement was reduced to writing and signed by the parties on June 28, 2021 ("First Agreement"). It had a one-year term which expired on May 31, 2022, provided for a one-year consulting fee of $96,000.00 (paid monthly), and five percent of the revenue generated in perpetuity from all relationships Partnerships United brought to the Defendant.

13.     Pursuant to the terms of the First Agreement, Defendant agreed to contract with Partnerships United to lead new venue procurement for the Defendant and to develop and negotiate partnership agreements between Defendant and third parties.

14.     Partnerships United delivered exceptional results during that first year, including developing and establishing lucrative strategic partnerships between Defendant and the Atlanta Braves, a Major League Baseball team, and with FC Austin, a Major League Soccer team. The agreements secured with these teams and their venues have generated and continue to generate significant revenue for the Defendant.

15.     As a result of Partnerships United's early success, the Defendant desired to enter into a new and long-term agreement with Partnerships United. In May 2022, the parties agreed to terms for a long-term contract. Under the new contract, Partnerships United would continue working as a consultant for the Defendant, but the consulting fee would increase to $250,000.00 per year (paid out monthly) for five years ("Consulting Fee"), reimbursement of travel expenses, and five percent of the revenue generated in perpetuity from all relationships Partnership United brought to the Defendant ("Commission Fees").

3

16.     The agreement was memorialized in a series of emails from May 19, 2022, through May 21, 2022, between Stephen Corsaro and Glenn Heard, the founder, Chief Executive Officer and owner of the Defendant. Copies of the emails, which include Partnerships United's offer, the Defendant's counteroffer, and ultimate acceptance by the Defendant ("Second Agreement") are attached as Composite *Exhibit A.*

17.     With the Second Agreement in place, Partnerships United continued to work on behalf of the Defendant, securing partnerships between the Defendant and venues and event spaces, including a substantial deal with Hudson Yards, a high-profile venue in New York City, Fenway Park in Boston, and the Moody Center in Austin, Texas. Partnerships United did nearly all of its work for Defendant in Broward County.

18.     Defendant initially abided by the terms of the Second Agreement, paying Partnerships United the first year Consulting Fee. Defendant also began paying the Commission Fees.

19.     Although things were going well between Partnerships United and the Defendant, without any warning or notice, on May 26, 2023, the Defendant sent Stephen Corsaro a surprise email terminating the agreement and advising that no more Consulting Fees were forthcoming. The Defendant further stated that it would comply with its agreement to pay Partnerships United its Commission Fees.

20.     Never once before receiving the termination email did the Defendant ever advise Partnerships United that it was unhappy with Partnerships United or that there were any issues whatsoever.

4

21.     Regardless of the Defendant's rationale for terminating the Second Agreement, the Defendant remains responsible for paying the annual $250,000.00 Consulting Fee for the remainder of the termt, as well as all Commission Fees.

22.     The Second Agreement does not provide for an early termination, nor does it provide for termination of Consulting Fees after year one.

23.     Defendant has breached the agreement by failing to pay the Consulting Fee that was due to be paid on June 1, 2023, and as of the date of this Complaint, by failing to timely pay all Commission Fees due to Partnerships United.

## COUNT I – BREACH OF CONTRACT

24.     Partnerships United realleges and incorporates herein the allegations set forth in paragraphs 1-23.

25.     Defendant entered into the Second Agreement with Partnerships United, which contained clear, unambiguous, valid, and enforceable provisions.

26.     Defendant breached the Second Agreement by purporting to terminate the Second Agreement on May 26, 2023, failing to make the payments owed to Partnerships United under the terms of the Second Agreement, and advising it would not be making payments owed to Partnerships United under the terms of the Second Agreement.

27.     Defendant's breaches of the Second Agreement have and will continue to cause damage to Partnerships United.

**WHEREFORE**, Plaintiff, Partnerships United, LLC, requests that this Court enter judgment against Defendant for damages, costs, and any other relief that this Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

28.     Partnerships United realleges and incorporates herein the allegations set forth in paragraphs 1-23.

29.     This is a count for Unjust Enrichment, pled in the alternative to Count I for Breach of Contract, in the event of a finding there is no valid and enforceable agreement.

30.     Through its work on behalf of Defendant, Partnerships United conferred a benefit on Defendant.

31.     Defendant, at all times, was aware of and had knowledge of this benefit and voluntarily accepted the benefit.

32.     Defendant agreed to the value of the benefit, of which some portion remains unpaid.

33.     Defendant accepted and retained the benefit so conferred, under circumstances such that it would be inequitable for Defendant to retain the benefit without paying fair value for it.

**WHEREFORE**, Plaintiff, Partnerships United, LLC, requests that this Court enter judgment against Defendant for damages, costs, and any other relief that this Court deems just and proper.

## COUNT III – ACCOUNTING

34.     Partnerships United realleges and incorporates the allegations set forth in paragraphs 1-23.

35.     Under the Second Agreement, Partnerships United and Defendant agreed to a complex transaction regarding Commission Fees due to Partnerships United.

36.     As a result of the extensive and complex nature of Defendant's agreement to pay these Commission Fees, Partnerships United is unsure as to the exact amount that may be due and

owing under the Second Agreement, and therefore request an equitable accounting to ascertain the amounts due and owed to Partnerships United.

**WHEREFORE**, Plaintiff, Partnerships United, LLC, requests that this Court award it an equitable accounting, damages, costs, and any other relief that this Court deems just and proper.

Dated: June 26, 2023

By: ___*/s/ Jeff Ostrow*___
JEFF OSTROW
Florida Bar No.: 121452
ostrow@kolawyers.com
BENJAMIN R. MUSCHEL
Florida Bar No.: 119305
muschel@kolawyers.com
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300

# EXHIBIT A

---------- Forwarded message ---------
From: **Glenn Heard** <Glenn@heardglobal.com>
Date: Sun, May 22, 2022 at 9:48 AM
Subject: Re: [External] Finding Time to Connect
To: Stephen Corsaro <stephen@partnershipsunited.com>

We are close enough. I will lock it down for two years and we can do a good review at that point.

Let's make some money.

Glenn

Sent from my iPhone

> On May 22, 2022, at 1:52 PM, Stephen Corsaro <stephen@partnershipsunited.com> wrote:

Hey Glenn –

I am about to jump on a flight to Tampa for an event with the Buccaneers from 830am – 3pm EST, but could make myself available around 730 EST today once I land.

That said, I wanted to tackle some of the points here for clarity:

Most of my time is already committed to Heard's development efforts, which I would say is about 80 hours a week on my part currently. In year one my "scope" and fee structure was positioned for a couple of reasons, including setting the expectations that this would take time to build a foundation, which I conveyed from the beginning with Mark D. and Fred would take about 12-18 months. Now we have two partnerships under our belt at a quicker pace than I predicted, the floodgates are about to open (and have already) with the work we put in this past year to put ourselves in this position to scale quickly. I am willing to continue the new partnership delay in commission (3-6 months) so that the focus can be on doing what we need to do to properly launch these markets.

For the increased retainer part heading into our second year, this reflects my long-term commitment to Heard as well. I have turned other business away in the past year as it would have impacted my bandwidth, and these are all things I've communicated directly with Fred. Per the expenses I would look for my expenses to be covered limited to travel, while the venue commissions will cover the expenses of my team associated with any of these venues. I conveyed this to Fred and Mark, and it is important to our overall growth, but as we scale my team who are an extension of me will scale. So, Heard will have more resources available. This type of opportunity truly will take a village.

2

I am happy to, and think it would be very beneficial to communicate bi-weekly and we can review these reports directly. I already have a multi-year forecast and development strategy (which I very briefly walked you through in Austin) so all of this information is already a standard on my end. It is important to me that you and I have a direct line on strategy, development, revenue, and investment strategy where before it has been communicated via Fred and Mark.

I maintain that this needs to be a two-year commitment before we restructure any of the elements with these being multi-year partnership commitments. I can confirm that my deal with you is not contingent on Mark C. I understand your position, as well as his moving forward. I can consult on my position, but don't want to confuse my stance being contingent with his. That said, I think he is an integral part of what we're building and think his absence would be a major blow to the long-term strategy. I know he's rough around the edges but his passion and expertise in this business cannot be replicated.

To recap via bullets

- 5-Year Term (Effective June 1st, 2022)
    - At the end of year two we can evaluate the deal. If this isn't performing up to expectations we can address.
- Retainer = $250,000 annual (Paid in equal installments on the 1st of each respective month)
    - Travel expenses covered for development.
- Venue Partnership Commission = 5% Gross Revenue Generated via MSA
    - Travel expenses incurred for contracted venues covered by Partnerships United as part of the venue commission.
- Commitment is not contingent on Mark C. and you have already been my first priority.
- Stephen and Glenn will meet bi-weekly to review reports, strategy, etc.
    - You can share any template that would be easiest for you to review and I'm happy to share a live doc that tracks properties.
    - I have a multi-year forecasting document that we can also discuss.

For Hunter, the first step would be for us to connect. Based on what his interests are I can help in many ways, whether that's integrating him with our business or some of my other projects to give him a full view of the industry. I am more than happy to open the doors where they're appropriate for him and lending my knowledge and expertise should it be something that can help. We can talk more about my approach and I'll defer to you on how I can best help him in starting his career.

Again, I can be available around 730am - 830am EST today or around 4pm EST to connect further.

**PARTNERSHIPS UNITED**

**Stephen Corsaro**
CEO & Founder

**Phone** 781-534-8513

3

**Email** stephen@partnershipsunited.com
**Website** www.partnershipsunited.com



On Sun, May 22, 2022 at 4:00 AM Glenn Heard <Glenn@heardglobal.com> wrote:

I appreciate your time Stephen and I also look forward to a long-term partnership.

I may have misunderstood you, but it was my understanding that we were going to "work to get to a 250k retainer". That's a big number to jump right to in light of the negative cash flow to date related to the S&E activities. If it's your desire to start that June 1, I'm going to have higher expectations. At that rate, I would expect most of your time dedicated to Heard Global efforts and would want a written report every other week summarizing your efforts. I will provide a template and it will be a quick exercise but will help me stay closer to you. Also at that rate I would expect you to pay your own expenses.

I'd also like you to provide a realistic goal per year for venues to close on including an estimate of their potential.

I also need assurance that our deal is not dependent on Mark C. It is my intention to elevate him as he earns, but still need for him to prove his ability to work well with the team. I need to know that our relationship is the first priority. This is a big commission and I don't have the history to rely on to know the venues will indeed meet our expectations. I am committed to supporting the effort in good faith and will not jeopardize my or your reputation by not fulfilling our obligations.

Your efforts should be robust, as my capital support to this will also be robust. Each of us should have the ability to cancel the retainer agreement should we not be satisfied.

This deal could lead to significant revenue for both of us. It is imperative that you and I stay connected and supportive of each other and that will take some intentionality from both of us.

Please give me an idea of how you think you can assist Hunter and also have him assist you in any way. I'd like a reasonable expectation before I make the offer to him as what that could look like. It will be at my expense and you are free to use him in any way that will help educate him to the industry.

I'm available to chat again this evening or next DXB time if you like.

Thanks,

Glenn

Sent from my iPhone

> On May 20, 2022, at 7:51 PM, Stephen Corsaro <stephen@partnershipsunited.com> wrote:
>
> Hey Glenn -

4

I really appreciate the time earlier and am happy to move this forward as long-term partners. While we wait for your attorney to draft the new Agreement, I just wanted to bullet out the key points we discussed so that we're on the same page operating in the interim.

We're both on the same page that this information is confidential, and I think this Agreement (financial terms) should be limited to the two of us and company officers. Is that fair?

Here are the terms we discussed:

- 5-Year Term (Effective June 1st, 2022)
- Retainer = $250,000 annual (Paid in equal installments on the 1st of each respective month)
- Venue Partnership Commission = 5% Gross Revenue Generated via MSA
  - At the end of the second year of the term, both parties will have the right to restructure commissionable terms in the event that the venue is not profitable or it is a bad deal for either party.
- Scope = Lead global sports venue partnership development, and upon contracting venues manage the sponsorship / executive relationship and communication. Collaborate and consult with sales / operations to drive the best results for the venue partnerships and create other opportunities for the company.

Additionally, I am happy to mentor your son and bring him into some of these conversations to learn. I personally had a tremendous opportunity to learn from some of the best in the business right out of college, which I have been forever grateful for and has shaped my career. However I can help and share some of my experience and put him in a position to learn the inner workings of this business (as well as some of my other businesses) I am more than happy to do so.

I am appreciative of your partnership and am looking forward to a long and successful relationship in building something special.

**PARTNERSHIPS UNITED**

**Stephen Corsaro**
CEO & Founder

**Phone** 781-534-8513
**Email** stephen@partnershipsunited.com
**Website** www.partnershipsunited.com



On Thu, May 19, 2022 at 9:03 AM Stephen Corsaro
<stephen@partnershipsunited.com> wrote:

That works on my end. I'll send you over a Zoom link now.

# EXHIBIT 2

Filing # 176121224 E-Filed 06/26/2023 01:20:46 PM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

Partnerships United, LLC
Plaintiff                                                            Case # _____
                                                                          Judge _____

vs.
Heard Global Events, LLC
Defendant

**II.    AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

## CIRCUIT CIVIL

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY PUBLIC ACCESS – NOT AN OFFICIAL COPY

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.      NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jeffrey M Ostrow                    Fla. Bar # 121452
          Attorney or party                              (Bar # if attorney)

Jeffrey M Ostrow                                06/26/2023
  (type or print name)                          Date

- 3 -

Filing # 176464922 E-Filed 06/29/2023 03:28:15 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:  CACE-23-015111

PARTNERSHIPS UNITED, LLC, a
Florida Limited Liability Company;

      Plaintiff,

vs.

HEARD GLOBAL EVENTS, LLC,
d/b/a HEARD GLOBAL, a foreign
Limited Liability Company;

      Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State:

      **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint in this action on Defendant:

      HEARD GLOBAL EVENTS, LLC,
      d/b/a HEARD GLOBAL, a foreign Limited Liability Company
      by Serving its Registered Agent: Davis Law, PLC
      555 Belaire Ave, Ste. 340, Chesapeake, VA 23320-4686

      Each Defendant is required to serve written defenses to the Complaint or petition on: **JEFF OSTROW, ESQ., KOPELOWITZ OSTROW, P.A., ONE WEST LAS OLAS BOULEVARD, SUITE 500, FORT LAUDERDALE, FLORIDA 33301**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court, Broward County Courthouse, 201 SE 6th Street, Fort Lauderdale, Florida 33301 either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

      Dated this _____ day o    JUL 03 2023         ___, 2023.

               BRENDA D. FORM
               As Clerk of the Cou

               By: _____
               As Deputy Cler
               **BRENDA D. FORMAN**

NOT AN OFFICIAL COPY – PUBLIC ACCESS – NOT AN OFFICIAL COPY

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 470, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos,sin previo aviso del tribunal.  existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la quia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney."   (Demandate o Abogado del Demanadante).

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autes obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 176121224 E-Filed 06/26/2023 01:20:46 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:

PARTNERSHIPS UNITED, LLC, a
Florida Limited Liability Company;

       Plaintiff,

vs.

HEARD GLOBAL EVENTS, LLC,
d/b/a HEARD GLOBAL, a foreign
Limited Liability Company;

       Defendant.

_____ /

## COMPLAINT

Plaintiff, PARTNERSHIPS UNITED, LLC ("Partnerships United"), brings this action against Defendant, HEARD GLOBAL EVENTS, LLC ("Defendant"), and alleges:

### THE PARTIES, JURISDICTION & VENUE

1.    This is an action for breach of contract, or in the alternative unjust enrichment, and for an accounting.

2.    Partnerships United is a Florida limited liability company organized under the laws of the State of Florida with its principal place in Broward County, Florida.

3.    Defendant is a Virginia limited liability company, with its principal place of business in North Carolina.

4.    Partnerships United was a paid consultant of the Defendant who entered into an agreement with the Defendant for services to be rendered by Partnerships United in Broward County.

5.      Venue is appropriate in Broward County because the agreement at issue was entered into in Broward, the material events described in the Complaint occurred in Broward, payments due to Partnerships United were made and due to be made in Broward County, and the breach of the agreement occurred in Broward County.

6.      All conditions precedent to the commencement of this action have occurred, been performed, excused, satisfied, or waived.

## GENERAL ALLEGATIONS

7.      Partnerships United is in the business of assisting brands by driving innovative and goal-oriented partnerships in the sports and entertainment industry.

8.      Defendant is an event services company that, amongst other things, provides its clients with AV Technology, event management, and assistance with design and decor.

9.      In early 2021, Partnerships United, though its principal, Stephen Corsaro, connected with the Defendant to discuss how Partnerships United could assist the Defendant with the expansion of its business through the cultivation of new client relationships with sporting and other venues.

10.      Specifically, Partnerships United offered to secure agreements with sporting and other venues whereby the Defendant would be the recommended vendor to provide services for outside events. For example, if a soccer stadium hosted a corporate event and the organizers needed AV services and other equipment for the event, the venue would recommend to the company hosting the event that they use the Defendant. In consideration for being the venue's recommended vendor, the Defendant would pay a sponsorship fee to the venue. These engagements are often lucrative in that they generate significant revenue for the preferred vendor.

2

11.     Realizing this was a terrific opportunity for substantial growth, additional revenue, and increased profitability, the Defendant hired Partnerships United as a consultant.

12.     The consulting arrangement was reduced to writing and signed by the parties on June 28, 2021 ("First Agreement"). It had a one-year term which expired on May 31, 2022, provided for a one-year consulting fee of $96,000.00 (paid monthly), and five percent of the revenue generated in perpetuity from all relationships Partnerships United brought to the Defendant.

13.     Pursuant to the terms of the First Agreement, Defendant agreed to contract with Partnerships United to lead new venue procurement for the Defendant and to develop and negotiate partnership agreements between Defendant and third parties.

14.     Partnerships United delivered exceptional results during that first year, including developing and establishing lucrative strategic partnerships between Defendant and the Atlanta Braves, a Major League Baseball team, and with FC Austin, a Major League Soccer team. The agreements secured with these teams and their venues have generated and continue to generate significant revenue for the Defendant.

15.     As a result of Partnerships United's early success, the Defendant desired to enter into a new and long-term agreement with Partnerships United. In May 2022, the parties agreed to terms for a long-term contract. Under the new contract, Partnerships United would continue working as a consultant for the Defendant, but the consulting fee would increase to $250,000.00 per year (paid out monthly) for five years ("Consulting Fee"), reimbursement of travel expenses, and five percent of the revenue generated in perpetuity from all relationships Partnership United brought to the Defendant ("Commission Fees").

3

16.     The agreement was memorialized in a series of emails from May 19, 2022, through May 21, 2022, between Stephen Corsaro and Glenn Heard, the founder, Chief Executive Officer and owner of the Defendant. Copies of the emails, which include Partnerships United's offer, the Defendant's counteroffer, and ultimate acceptance by the Defendant ("Second Agreement") are attached as Composite *Exhibit A.*

17.     With the Second Agreement in place, Partnerships United continued to work on behalf of the Defendant, securing partnerships between the Defendant and venues and event spaces, including a substantial deal with Hudson Yards, a high-profile venue in New York City, Fenway Park in Boston, and the Moody Center in Austin, Texas. Partnerships United did nearly all of its work for Defendant in Broward County.

18.     Defendant initially abided by the terms of the Second Agreement, paying Partnerships United the first year Consulting Fee. Defendant also began paying the Commission Fees.

19.     Although things were going well between Partnerships United and the Defendant, without any warning or notice, on May 26, 2023, the Defendant sent Stephen Corsaro a surprise email terminating the agreement and advising that no more Consulting Fees were forthcoming. The Defendant further stated that it would comply with its agreement to pay Partnerships United its Commission Fees.

20.     Never once before receiving the termination email did the Defendant ever advise Partnerships United that it was unhappy with Partnerships United or that there were any issues whatsoever.

4

21.     Regardless of the Defendant's rationale for terminating the Second Agreement, the Defendant remains responsible for paying the annual $250,000.00 Consulting Fee for the remainder of the termt, as well as all Commission Fees.

22.     The Second Agreement does not provide for an early termination, nor does it provide for termination of Consulting Fees after year one.

23.     Defendant has breached the agreement by failing to pay the Consulting Fee that was due to be paid on June 1, 2023, and as of the date of this Complaint, by failing to timely pay all Commission Fees due to Partnerships United.

## COUNT I – BREACH OF CONTRACT

24.     Partnerships United realleges and incorporates herein the allegations set forth in paragraphs 1-23.

25.     Defendant entered into the Second Agreement with Partnerships United, which contained clear, unambiguous, valid, and enforceable provisions.

26.     Defendant breached the Second Agreement by purporting to terminate the Second Agreement on May 26, 2023, failing to make the payments owed to Partnerships United under the terms of the Second Agreement, and advising it would not be making payments owed to Partnerships United under the terms of the Second Agreement.

27.     Defendant's breaches of the Second Agreement have and will continue to cause damage to Partnerships United.

**WHEREFORE**, Plaintiff, Partnerships United, LLC, requests that this Court enter judgment against Defendant for damages, costs, and any other relief that this Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

28.     Partnerships United realleges and incorporates herein the allegations set forth in paragraphs 1-23.

29.     This is a count for Unjust Enrichment, pled in the alternative to Count I for Breach of Contract, in the event of a finding there is no valid and enforceable agreement.

30.     Through its work on behalf of Defendant, Partnerships United conferred a benefit on Defendant.

31.     Defendant, at all times, was aware of and had knowledge of this benefit and voluntarily accepted the benefit.

32.     Defendant agreed to the value of the benefit, of which some portion remains unpaid.

33.     Defendant accepted and retained the benefit so conferred, under circumstances such that it would be inequitable for Defendant to retain the benefit without paying fair value for it.

**WHEREFORE**, Plaintiff, Partnerships United, LLC, requests that this Court enter judgment against Defendant for damages, costs, and any other relief that this Court deems just and proper.

## COUNT III – ACCOUNTING

34.     Partnerships United realleges and incorporates the allegations set forth in paragraphs 1-23.

35.     Under the Second Agreement, Partnerships United and Defendant agreed to a complex transaction regarding Commission Fees due to Partnerships United.

36.     As a result of the extensive and complex nature of Defendant's agreement to pay these Commission Fees, Partnerships United is unsure as to the exact amount that may be due and

owing under the Second Agreement, and therefore request an equitable accounting to ascertain the amounts due and owed to Partnerships United.

**WHEREFORE**, Plaintiff, Partnerships United, LLC, requests that this Court award it an equitable accounting, damages, costs, and any other relief that this Court deems just and proper.

Dated: June 26, 2023        By:    */s/ Jeff Ostrow*

                                      JEFF OSTROW
                                        Florida Bar No.: 121452
                                        ostrow@kolawyers.com
                                        BENJAMIN R. MUSCHEL
                                        Florida Bar No.: 119305
                                        muschel@kolawyers.com
                                        **KOPELOWITZ OSTROW P.A.**
                                        One West Las Olas Blvd., Suite 500
                                        Fort Lauderdale, FL 33301
                                        Telephone: (954) 525-4100
                                        Facsimile: (954) 525-4300

# EXHIBIT A

---------- Forwarded message ---------
From: **Glenn Heard** <Glenn@heardglobal.com>
Date: Sun, May 22, 2022 at 9:48 AM
Subject: Re: [External] Finding Time to Connect
To: Stephen Corsaro <stephen@partnershipsunited.com>

We are close enough. I will lock it down for two years and we can do a good review at that point.

Let's make some money.

Glenn

Sent from my iPhone

> On May 22, 2022, at 1:52 PM, Stephen Corsaro <stephen@partnershipsunited.com> wrote:
>
> Hey Glenn –
>
> I am about to jump on a flight to Tampa for an event with the Buccaneers from 830am - 3pm EST, but could make myself available around 730 EST today once I land.
>
> That said, I wanted to tackle some of the points here for clarity:
>
> Most of my time is already committed to Heard's development efforts, which I would say is about 80 hours a week on my part currently. In year one my "scope" and fee structure was positioned for a couple of reasons, including setting the expectations that this would take time to build a foundation, which I conveyed from the beginning with Mark D. and Fred would take about 12-18 months. Now we have two partnerships under our belt at a quicker pace than I predicted, the floodgates are about to open (and have already) with the work we put in this past year to put ourselves in this position to scale quickly. I am willing to continue the new partnership delay in commission (3-6 months) so that the focus can be on doing what we need to do to properly launch these markets.
>
> For the increased retainer part heading into our second year, this reflects my long-term commitment to Heard as well. I have turned other business away in the past year as it would have impacted my bandwidth, and these are all things I've communicated directly with Fred. Per the expenses I would look for my expenses to be covered limited to travel, while the venue commissions will cover the expenses of my team associated with any of these venues. I conveyed this to Fred and Mark, and it is important to our overall growth, but as we scale my team who are an extension of me will scale. So, Heard will have more resources available. This type of opportunity truly will take a village.

I am happy to, and think it would be very beneficial to communicate bi-weekly and we can review these reports directly. I already have a multi-year forecast and development strategy (which I very briefly walked you through in Austin) so all of this information is already a standard on my end. It is important to me that you and I have a direct line on strategy, development, revenue, and investment strategy where before it has been communicated via Fred and Mark.

I maintain that this needs to be a two-year commitment before we restructure any of the elements with these being multi-year partnership commitments. I can confirm that my deal with you is not contingent on Mark C. I understand your position, as well as his moving forward. I can consult on my position, but don't want to confuse my stance being contingent with his. That said, I think he is an integral part of what we're building and think his absence would be a major blow to the long-term strategy. I know he's rough around the edges but his passion and expertise in this business cannot be replicated.

To recap via bullets

- 5-Year Term (Effective June 1st, 2022)
    - At the end of year two we can evaluate the deal. If this isn't performing up to expectations we can address.
- Retainer = $250,000 annual (Paid in equal installments on the 1st of each respective month)
    - Travel expenses covered for development.
- Venue Partnership Commission = 5% Gross Revenue Generated via MSA
    - Travel expenses incurred for contracted venues covered by Partnerships United as part of the venue commission.
- Commitment is not contingent on Mark C. and you have already been my first priority.
- Stephen and Glenn will meet bi-weekly to review reports, strategy, etc.
    - You can share any template that would be easiest for you to review and I'm happy to share a live doc that tracks properties.
    - I have a multi-year forecasting document that we can also discuss.

For Hunter, the first step would be for us to connect. Based on what his interests are I can help in many ways, whether that's integrating him with our business or some of my other projects to give him a full view of the industry. I am more than happy to open the doors where they're appropriate for him and lending my knowledge and expertise should it be something that can help. We can talk more about my approach and I'll defer to you on how I can best help him in starting his career.

Again, I can be available around 730am - 830am EST today or around 4pm EST to connect further.


**PARTNERSHIPS UNITED**

**Stephen Corsaro**
CEO & Founder

**Phone** 781-534-8513

**Email** stephen@partnershipsunited.com
**Website** www.partnershipsunited.com



On Sun, May 22, 2022 at 4:00 AM Glenn Heard <Glenn@heardglobal.com> wrote:

I appreciate your time Stephen and I also look forward to a long-term partnership.

I may have misunderstood you, but it was my understanding that we were going to "work to get to a 250k retainer". That's a big number to jump right to in light of the negative cash flow to date related to the S&E activities. If it's your desire to start that June 1, I'm going to have higher expectations. At that rate, I would expect most of your time dedicated to Heard Global efforts and would want a written report every other week summarizing your efforts. I will provide a template and it will be a quick exercise but will help me stay closer to you. Also at that rate I would expect you to pay your own expenses.

I'd also like you to provide a realistic goal per year for venues to close on including an estimate of their potential.

I also need assurance that our deal is not dependent on Mark C. It is my intention to elevate him as he earns, but still need for him to prove his ability to work well with the team. I need to know that our relationship is the first priority. This is a big commission and I don't have the history to rely on to know the venues will indeed meet our expectations. I am committed to supporting the effort in good faith and will not jeopardize my or your reputation by not fulfilling our obligations.

Your efforts should be robust, as my capital support to this will also be robust. Each of us should have the ability to cancel the retainer agreement should we not be satisfied.

This deal could lead to significant revenue for both of us. It is imperative that you and I stay connected and supportive of each other and that will take some intentionality from both of us.

Please give me an idea of how you think you can assist Hunter and also have him assist you in any way. I'd like a reasonable expectation before I make the offer to him as what that could look like. It will be at my expense and you are free to use him in any way that will help educate him to the industry.

I'm available to chat again this evening or next DXB time if you like.

Thanks,

Glenn

Sent from my iPhone

> On May 20, 2022, at 7:51 PM, Stephen Corsaro <stephen@partnershipsunited.com> wrote:
>
> Hey Glenn –

4

I really appreciate the time earlier and am happy to move this forward as long-term partners. While we wait for your attorney to draft the new Agreement, I just wanted to bullet out the key points we discussed so that we're on the same page operating in the interim.

We're both on the same page that this information is confidential, and I think this Agreement (financial terms) should be limited to the two of us and company officers. Is that fair?

Here are the terms we discussed:

- 5-Year Term (Effective June 1st, 2022)
- Retainer = $250,000 annual (Paid in equal installments on the 1st of each respective month)
- Venue Partnership Commission = 5% Gross Revenue Generated via MSA
  - At the end of the second year of the term, both parties will have the right to restructure commissionable terms in the event that the venue is not profitable or it is a bad deal for either party.
- Scope = Lead global sports venue partnership development, and upon contracting venues manage the sponsorship / executive relationship and communication. Collaborate and consult with sales / operations to drive the best results for the venue partnerships and create other opportunities for the company.

Additionally, I am happy to mentor your son and bring him into some of these conversations to learn. I personally had a tremendous opportunity to learn from some of the best in the business right out of college, which I have been forever grateful for and has shaped my career. However I can help and share some of my experience and put him in a position to learn the inner workings of this business (as well as some of my other businesses) I am more than happy to do so.

I am appreciative of your partnership and am looking forward to a long and successful relationship in building something special.

## PARTNERSHIPS UNITED

**Stephen Corsaro**
CEO & Founder

**Phone** 781-534-8513
**Email** stephen@partnershipsunited.com
**Website** www.partnershipsunited.com



On Thu, May 19, 2022 at 9:03 AM Stephen Corsaro <stephen@partnershipsunited.com> wrote:

That works on my end. I'll send you over a Zoom link now.

## AFFIDAVIT OF SERVICE

State of Florida                    County of Broward                    Circuit Court

Case Number: CACE-23-015111

Plaintiff: PARTNERSHIPS UNITED, LLC, A FLORIDA LIMITED LIABILITY COMPANY
vs.
Defendant: HEARD GLOBAL EVENTS, LLC, D/B/A HEARD GLOBAL, A FOREIGN LIMITED LIABILITY COMPANY

For: Jeffrey M. Ostrow
     KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT

Received by Caplan, Caplan & Caplan Process Servers on the 3rd day of July, 2023 at 10:42 am to be served on HEARD GLOBAL EVENTS, LLC, D/B/A HEARD GLOBAL, A FOREIGN LIMITED LIABILITY COMPANY BY SERVING ITS REGISTERED AGENT: DAVID LAW, PLC, 555 BELAIRE AVE, STE 340, CHESAPEAKE, VA 23320, I, _Crystal Kimber_ _____, being duly sworn, depose and say that on the _16_ day of _July_, 2023 at _12:00pm_, executed service by delivering a true copy of the SUMMONS, COMPLAINT AND EXHIBITS in accordance with state statutes in the manner marked below:

( )PUBLIC AGENCY:By serving_____ as _____ Served the named agency by delivering a true copy of pleadings and informed said person of the contents therein, with date,hour,intials of service endorsed thereon by me in compliance with State Statute
( )CORPORATE SERVICE/CORPORATE LLC:By serving_____ as _____. Served the named person by delivering a true copy of pleadings and informed said person of the contents therein,with the date, hour andintials of service endorsed thereon by me in compliance with State Statute
( )CORPORATE REGISTERED AGENT:By serving_____ as Registered Agent. Served the named person by delivering a true copy of pleadings and informed said person of the contents therein,with date,hour,intials of service endorsed by me in compliance with State Statute     Rache ll _____
(X)CORPORATE REGISTERED AGENT EMPLOYEE:By serving _____ as Employee of Registered agent. Served the named person by delivering a true copy of pleadings and informed person of the contents therein,with date,hour,intials of service endorsed thereon by me in compliance with F.S.48.081(3)(a) and 48.091, the registered agent failed to comply by not being available for service between the hours of 10am and 12pm
( )CORPORATE SUBSTITUTE RESIDENTIAL :By serving_____ as _____ Served the named person at a residence by delivering true copy of pleadings and informed person of the contents therein,with the date,hour and intials of service endorsed thereon by me in compliance with F.S.48.081(3)(b) and 48.031(1)(a) as the registered agent failed to comply by not being available for service between 10am and 12pm
( )SERVED:Served a Authorized person by delivering a true copy with date and hour of service endorsed to _____ who stated they are authorize to accept service for deponent and informed said person of the contents
( )NO SERVICE:Reason stated in comments

COMMENTS: _Authorized to accept._
_____ _WIF Brown hair, 5'6", 140lbs_

Under penalties of perjury, I declare that I have read the foregoing Affidavit of Service / Return of Service and that the facts stated in it are true.  I certify that I have no interest in the above action, am of legal age and service was made within this state by an officer authorized to serve process where the person was served.

Subscribed and Sworn to before me on the _7_ day of _July 2023_ by the affiant who is personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _N/A_
Appointed in accordance with State Statutes

Caplan, Caplan & Caplan Process Servers
12505 Orange Drive
Suite 907
Davie, FL 33330
(305) 374-3426

Our Job Serial Number: 2023024630

TARA B. SKEPS
NOTARY PUBLIC
REG. #7830321
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 01/31/2027

2303075



Filing # 176464922 E-Filed 06/29/2023 03:28:15 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE-23-015111

PARTNERSHIPS UNITED, LLC, a
Florida Limited Liability Company;

     Plaintiff,

vs.

HEARD GLOBAL EVENTS, LLC,
d/b/a HEARD GLOBAL, a foreign
Limited Liability Company;

     Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State:

     **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint in this action
on Defendant:

          HEARD GLOBAL EVENTS, LLC,
          d/b/a HEARD GLOBAL, a foreign Limited Liability Company
          by Serving its Registered Agent: Davis Law, PLC
          555 Belaire Ave, Ste. 340, Chesapeake, VA 23320-4686

     Each Defendant is required to serve written defenses to the Complaint or petition on: **JEFF
OSTROW, ESQ., KOPELOWITZ OSTROW, P.A., ONE WEST LAS OLAS BOULEVARD,
SUITE 500, FORT LAUDERDALE, FLORIDA 33301**, within **twenty (20) days** after service of
this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses
with the Clerk of this Court, Broward County Courthouse, 201 SE 6th Street, Fort Lauderdale, Florida
33301 either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do
so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

     Dated this _____ day,   JUL 03 2023   _____, 2023.

          BRENDA D. FORMAN
          As Clerk of the Court

          By: _____
             As Deputy Clerk
             BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 06/29/2023 03:28:13 PM.****

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 470, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes, interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la quia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaires ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.